IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | Civ. No. 20-00194 JMS-WRP |
| WILLIAM HOWARD GILLIAM, | ORDER AFFIRMING ORDERS OF BANKRUPTCY COURT |
| Debtor. | |
| _____ | |
| WILLIAM H. GILLIAM, | |
| Appellant, | |
| vs. | |
| GEORGE R. ROBINSON, | |
| Appellee. | |

## ORDER AFFIRMING ORDERS OF BANKRUPTCY COURT

## I.  INTRODUCTION

Appellant William Gilliam ("Gilliam"), proceeding pro se, filed a

Chapter 13 bankruptcy petition on October 25, 2019 in the U.S. Bankruptcy Court

for the District of Hawaii.  In that action, the Bankruptcy Court issued several

orders that, together, lifted the bankruptcy stay as to a Kuhio Shores at Poipu

condominium (the "condominium") after determining that Gilliam had no

ownership interest in it.  Gilliam appeals those orders pursuant to 28 U.S.C.

1

§ 158(a).  The court AFFIRMS the orders (although one of them has been

superseded).

## II.  <u>BACKGROUND</u>

This appeal—tangentially involving several other court proceedings—

centers on the ownership of the condominium located at 5050 Lawai Road, Apt.

209, Koloa, Hawaii.  Gilliam, who apparently resides there, claimed that the

condominium was part of his bankruptcy estate.  The Bankruptcy Court, however,

found and concluded that "the [condominium] is not property of [Gilliam's]

bankruptcy estate."  ECF No. 1-3 at PageID #10; Bankr. Dkt. No. 71 at 3.[1]  It

reasoned that Appellee George Robinson ("Robinson"), "the receiver of 'Pacific

Rim Property Service Corporation' ('PRPSC'), . . . has sole control of PRPSC's

assets, including the [condominium], . . . [and] [Gilliam] did not have the power to

cause PRPSC to transfer the [condominium] to himself."  *Id.*; Bankr. Dkt. No. 71

at 3.  To fully understand that ruling, the court starts from the beginning.

Gilliam's late mother, Vivian T. Lord ("Lord"), passed away on June

6, 2009.  Lord was the sole officer and director of the "North Pacific Rim Property

Service Corporation," which was incorporated on March 9, 1995, with the

---

[1] Throughout this Order, the citation form "ECF No. ___ at PageID #___" refers to docket entry and PageID numbers in the District Court docket.  Similarly, the citation form "Bankr. Dkt. No. ___ at ___" refers to the docket entry and page numbers in the Bankruptcy Court docket for *In re William Howard Gilliam*, Case No. 19-01366 (D. Haw. Bankr. filed Oct. 25, 2019).

condominium listed as Lord's address.  Bankr. Dkt. No. 38 at 24-25.  North Pacific Rim Property Service Corporation changed its name to PRPSC on January 23, 2002.  *Id.* at 27.

PRPSC was administratively dissolved on December 4, 2012 for failure to file annual reports and remit fees required by law.  *Id.* at 34.  It was never legally reinstated under Hawaii Revised Statutes ("HRS") § 414-403, which sets forth requirements for reinstatement of a corporation after administrative dissolution.  According to an April 16, 2019 title report, PRPSC—not Gilliam—still holds title to the condominium as "fee owner."  *Id.* at 12.

On December 2, 2013, Gilliam created a new corporation also named "Pacific Rim Property Services Corporation" (the "new corporation").  *Id.* at 37-38.  But there is no evidence that the condominium was ever transferred from PRPSC to the new corporation.

## A.    State Court Proceedings

In 2016, the Association of Apartment Owners of Kuhio Shores at Poipu (the "AOAO") filed suit in the Circuit Court of the Fifth Circuit, State of Hawaii ("State Court") to foreclose on a lien, now totaling over $245,000, against the condominium for unpaid assessments and fees.  *See AOAO Kuhio Shores at Poipu v. Pacific Rim Prop. Servs. Corp.*, Civ. No. 16-1-0063 (KNAW) (Haw. 5th Cir. Ct.); *see also* Bankr. Dkt. No. 38 at 64.  In that proceeding, on October 9,

2018, the State Court appointed George R. Robinson (the Appellee in this action)

as receiver for PRPSC to settle its affairs, i.e., "for the purposes of assisting in all

acts that are necessary for the final settlement of the unfinished business of

[PRPSC] to the extent allowed under HRS § 414-422 and Hawaii law, and for

purposes of determining the legal owner of [the condominium]."  Bankr. Dkt. No.

38 at 41.[2]  The October 9, 2018 Order that appointed Robinson included this

provision:

> The Court recognizes that a new Pacific Rim Property
> Service Corporation was registered with the Department
> of Commerce and Consumer Affairs for the State of
> Hawaii on December 2, 2013 under File Number
> 241082D1 ("New Corporation").  The Court recognizes
> that William Gilliam claims to be the legal owner of the
> Property and President of the New Corporation.  If upon
> application to this Court, William Gilliam or the New
> Corporation is able to provide a legal conveyance

---

[2] HRS § 414-422, entitled "Trustees or receivers for dissolved corporations; appointment; powers; duties," provides in pertinent part:

> (a) When any corporation organized and authorized to issue shares
> under the laws of this State shall be or shall have been dissolved or
> shall cease or shall have ceased to exist, the circuit court, upon
> application of any creditor, stockholder, or director of the
> corporation, or any other person who shows good cause therefor,
> and upon a finding that the persons responsible for settling the
> unfinished business and winding up the affairs of the corporation
> either are not diligently pursuing such obligations, or cannot be
> found or otherwise are not available, may either appoint one or
> more of the directors of the corporation to be trustees or appoint
> one or more persons to be receivers of and for the corporation, to
> do all acts that are necessary for the final settlement of the
> unfinished business of the corporation.  The powers of the trustees
> or receivers shall be effective for the time period determined by the
> circuit court.

> document conclusively establishing legal ownership of
> the Property, then this Court will consider discharging
> the Receiver from the duties and obligations set forth
> herein.

*Id.* at 44.

Gilliam was apparently unable to provide such a document "conclusively establishing legal ownership" because, on October 2, 2019, the State Court issued an order authorizing and instructing Robinson to sell the condominium to settle the debts of PRPSC. *Id.* at 47-48. That Order, along with a Writ of Possession issued on the same day, gave Robinson exclusive and immediate possession of the condominium and authorized Robinson to remove Gilliam and his property from the premises. *Id.* at 48, 51.[3] Gilliam then filed his Chapter 13 bankruptcy petition on October 25, 2019.

**B.     Gilliam's Improper Chapter 11 Petition on behalf of PRPSC**

Meanwhile, on August 19, 2019, Gilliam—purportedly as a "trustee" for PRPSC—had filed a Chapter 11 bankruptcy petition on behalf of PRPSC. *See In re Pac. Rim Prop. Serv. Corp.*, Bk. No. 19-01051 (Bankr. D. Haw. Aug. 19,

---

[3] Gilliam had sought to intervene in that State Court action, but the State Court denied his motion to intervene. On appeal from that denial, on May 29, 2020, the Hawaii Intermediate Court of Appeals ("ICA") stayed the Writ of Possession and the order directing Robinson to sell the condominium. *See* ECF No. 16-1. Specifically, the ICA "ORDERED that the Writ of Possession and Order to Sell, both entered on October 2, 2019, by the Circuit Court of the Fifth Circuit, are stayed as against Gilliam in his personal capacity, pending this court's final decision in this appeal, and absent further order by this court." *Id.* at PageID #143. The appeal remains pending in the ICA.

2019).  The Bankruptcy Court dismissed that petition on September 5, 2019 for

failure to pay the filing fee and to file required documents.  *See In re Pac. Rim*

*Prop. Serv. Corp.*, 2020 WL 4371106, at *2 (B.A.P. 9th Cir. July 29, 2020)

(summarizing procedural history in the Bankruptcy Court).  The Bankruptcy Court

then issued an order annulling the automatic stay after concluding that Gilliam

lacked standing because he was not a shareholder or trustee of PRPSC, and Gilliam

appealed that order.  *Id.*  On July 29, 2020, the Ninth Circuit's Bankruptcy

Appellate Panel ("BAP") dismissed the appeal because it agreed that Gilliam

lacked standing.  In so doing, the BAP confirmed the Bankruptcy Court's finding

that "Gilliam is not [PRPSC], nor does he have any interest in or control over

[PRPSC] or its assets, including the Condominium."  *Id.* at *3.

## C.    Proceedings in Gilliam's Chapter 13 Action

In his Chapter 13 action, on December 26, 2019, Gilliam filed a

"Motion for Turnover and Order to Show Cause" (the "Turnover Motion"),

seeking a ruling from the Bankruptcy Court that he owned the condominium and

that it should be turned over to him.  *See* Bankr. Dkt. No. 29 at 1-2.  He claimed he

was the sole shareholder of PRPSC.  *Id.* at 1.  Gilliam attached a copy of a

December 5, 2018 "quitclaim deed" (signed by Gilliam) purporting to convey the

condominium from grantor "William H. Gilliam as administrator of the Vivian

Turner Lord Estate" to grantee "William H. Gilliam."  *Id.* at 11.  He also attached a

December 5, 2019 "Warranty Deed" (signed by Gilliam supposedly as "Secretary

of [PRPSC], now dissolved") purporting to convey "the following described real

estate" (presumably, the condominium) from PRPSC to Gilliam.  *Id.* at 26.[4]

In response, on January 29, 2020, Robinson filed a "Motion for Order

Determining Real Property Located at 5050 Lawai Road, Apt. 209, Koloa, Hawaii

is Not Property of the Bankruptcy Estate and Automatic Stay Does Not Apply"

(the "Determination Motion").  Bankr. Dkt. No. 44.  Robinson sought a ruling

determining that, contrary to the Turnover Motion's assertion, *PRPSC* (not

Gilliam) owns the condominium and therefore it is not part of Gilliam's

bankruptcy estate such that the automatic bankruptcy stay does not apply to the

condominium.  *Id.* at 5.

After a March 10, 2020 hearing on both Motions, the Bankruptcy

Court issued two orders on March 13, 2020.  First, the Bankruptcy Court denied

Gilliam's Turnover Motion, finding:

> A.  [Robinson] is the receiver of [PRPSC], and has sole
> control of PRPSC's assets, including the property located
> at 5050 Lawai Road, Apt. 209, Koloa, Hawaii (the
> "Property").

---

[4] Both these purported conveyances were dated *after* the State Court had appointed
Robinson as receiver of PRPSC on October 29, 2018.  As such, the Bankruptcy Court concluded
that Gilliam lacked the power to make those supposed conveyances.  *See* ECF No. 1-2 at PageID
#5; ECF No. 1-3 at PageID #10.

> B.  The Debtor did not have the power to cause PRPSC
> to transfer the Property to himself, and therefore the
> Property is not property of his bankruptcy estate.
>
> C.  [Robinson] is not required to turn over the Property to
> the Debtor.

ECF No. 1-2 at PageID #5-6 (the "Turnover Order").

Second, the Bankruptcy Court granted Robinson's Determination Motion, making the same findings as in the Turnover Order, and concluding that "[t]he Property is not property of the bankruptcy estate" and "[t]he automatic stay pursuant to 11 U.S.C. § 362 does not apply to the Property."  ECF No. 1-3 at PageID #10 (the "Determination Order").

On March 27, 2020, Gilliam filed a Motion to Reconsider the March 13, 2020 Turnover Order.  Bankr. Dkt. No. 84.  On April 9, 2020, the Bankruptcy Court denied the Motion to Reconsider, reasoning in part:

> Debtor's motion to reconsider renews several arguments
> made in his initial motion for turnover.  Debtor argues
> that a number of transfers gave him control over
> the Poipu property, including a quitclaim deed issued
> from his mother's probate estate in December 2018 and a
> warranty deed issued from Pacific Rim in December
> 2019.
>     However, Debtor's mother's probate had no effect
> on the Poipu property.  After the Debtor's mother formed
> Pacific Rim, the corporation, not the Debtor's mother,
> owned the Poipu property.  The most that the Debtor
> could inherit was his mother's stock in the corporation.
> By the time the Debtor attempted to make the corporation
> transfer the Poipu property to him, the state court had
> already given the receiver exclusive control of the

8

> corporation's assets.  Any disagreement that the Debtor
> has with the state court's appointment of a receiver is
> properly the subject of a state court appeal, not a
> bankruptcy case.
>     Accordingly, the Debtor's motion to reconsider is
> hereby DENIED.

ECF No. 1-4 at PageID #13-14 (the "Reconsideration Order").

Meanwhile, on March 18, 2020, Robinson—given the Bankruptcy Court's March 13, 2020 Order finding that the automatic bankruptcy stay does not apply to the condominium—filed a Motion for Relief from Automatic Stay, Bankr. Dkt. No. 78, seeking an order "to permit [Robinson] to take such action necessary to fulfill his duties in the Foreclosure Case with respect to the [condominium], including without limitation, removing [Gilliam] and his personal property from the [condominium], pursuant to the Writ of Possession issued on October 2, 2019 in the [State Action]." *Id.* at 5-6.  Robinson explained that such actions "may include hiring a moving company to remove [Gilliam's] belongings from the Property, enlisting the assistance of a sheriff or police officer to remove [Gilliam] and his belongings from the Property, and changing the locks on the Property." *Id.* at 9.

On April 14, 2020, the Bankruptcy Court granted Robinson's Motion for Relief from the Automatic Stay, ECF No. 1-5 (the "Order Granting Relief from Stay"), ruling in part that:

2.  The stay under 11 U.S.C. § 362(a) and/or § 1201(a) or § 1301(a) is terminated or modified and the moving party, its successors, transferees, and assigns, may exercise any rights and remedies under applicable nonbankruptcy law with respect to the subject property or other matter described above;

3.  No deficiency judgment or other money judgment may be entered against the debtor unless and until the bankruptcy court enters an order (i) denying the debtor a discharge, (ii) determining that the debt owed to the moving party is not dischargeable, (iii) dismissing the case prior to the entry of a discharge, or (iv) expressly authorizing the entry of such a judgment;

4.  If the subject property is sold and the proceeds exceed the amount of the secured claim(s), the moving party must turn over the surplus proceeds to the trustee;
. . . .
7.  This order is limited to granting relief from the automatic stay and/or the codebtor stay under the Bankruptcy Code and does not determine any issues concerning any rights, claims, remedies, or defenses of the moving party, the debtor, or any other party[.]

*Id.* at PageID #16-17.

## D.    Procedural History

On April 23, 2020, Gilliam filed a notice of appeal to this court under

28 U.S.C. § 158(a) of:  (1) the March 13, 2020 Turnover Order, (2) the March 13,

2020 Determination Order, (3) the April 9, 2020 Reconsideration Order, and

(4) the April 14, 2020 Order Granting Relief from Stay.  ECF No. 1-1.

Gilliam filed an Opening Brief on July 21, 2020, ECF No. 10, and

Robinson filed his Answering Brief on August 20, 2020, ECF No. 13.  Gilliam

10

filed a Reply on September 7, 2020.  ECF No. 14.  The court decides the matter

without a hearing under Local Rule 7.1(c).

### III.  STANDARD OF REVIEW

"The court reviews a bankruptcy court's conclusions of law *de novo*

and its factual findings for clear error."  *In re Metro. Mortg. & Sec., Co.*, 448 B.R.

527, 531-32 (D. Haw. 2011) (citing *Konop v. Hawaiian Airlines, Inc.*, 411 B.R.

678, 682 (D. Haw. 2009)).  "The bankruptcy court's findings of fact must be

accepted unless the district court is left with the definite and firm conviction that a

mistake has been committed."  *Konop*, 411 B.R. at 682.  "The court reviews a

bankruptcy court's decision denying a motion for reconsideration for abuse of

discretion."  *In re Metro. Mortg. & Sec.*, 448 B.R. at 532 (citing *In re O'Kelley*,

420 B.R. 18, 22 (D. Haw. 2009)).

### IV.  DISCUSSION

**A.     The Condominium is Not Property of the Estate**

All four orders ultimately turn on the same factual determination:

whether Gilliam owned a property interest in the condominium as part of his

bankruptcy estate.  Gilliam moved for turnover of property of the estate under 11

U.S.C. § 542, which requires, among other elements, that "the property constitutes

property of the estate."  *In re Process America, Inc.*, 588 B.R. 82, 98 (Bankr. C.D.

Cal. 2018) (citing 5-542 *Collier on Bankruptcy* ¶ 542.02 (16th ed. 2013)).

11

Likewise, the automatic bankruptcy stay "is designed to effect an immediate freeze

of the *status quo* by precluding and nullifying post-petition actions . . . affecting

the property of the estate." *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997

F.2d 581, 585 (9th Cir. 1993); *see, e.g.*, 11 U.S.C. § 362(a)(3) (providing an

automatic stay of "any act to obtain possession of property of the estate or of

property from the estate or to exercise control over property of the estate").  In

turn, 11 U.S.C. § 541(a)(1) defines "property of the estate" as "all legal or

equitable interests of the debtor in property as of the commencement of the case."

   The Bankruptcy Court's factual finding—that the condominium was

not property of Gilliam's estate—was not clearly erroneous, and is well-supported

by ample evidence in the record.  A title report plainly indicates that PRPSC (not

Gilliam) is the "fee owner" of the condominium.  Bankr. Dkt. No. 38 at 12.  There

is no evidence that the condominium was ever transferred from PRPSC to the "new

corporation" and then to Gilliam, much less that it was transferred from PRPSC

directly to Gilliam.  Indeed, the BAP confirmed in a July 29, 2020 decision in a

related action that Gilliam "does [not] have any interest in or control over [PRPSC]

or its assets, including the Condominium." *In re Pac. Rim Prop. Serv. Corp.*, 2020

WL 4371106, at *3.  That is, there is no evidence that the condominium was

property of Gilliam's estate "as of the commencement of the case," 11 U.S.C.

§ 541(a)(1), on October 25, 2019.

At most, Gilliam pointed to documents (of questionable validity) that

purported (1) to convey the condominium from the Estate of Vivian Lord to

Gilliam on December 5, 2018, Bankr. Dkt. No. 29 at 12, or (2) to convey the

condominium from PRPSC to Gilliam a year later, on December 5, 2019, *id.* at

26.[5]  But, as the Bankruptcy Court reasoned in its April 9, 2020 Reconsideration

Order, the Estate of Vivian Lord could not have conveyed the condominium to

Gilliam in 2018 because the Estate did not own the condominium—PRPSC did.

*See* Bankr. Dkt. No. 105 at 3.

And even if Gilliam inherited the *stock* of PRPSC from his mother's

estate, this would not mean he inherited the condominium.  PRPSC was dissolved

in 2012 and as such, under Hawaii law, it "may not carry on any business except

that appropriate to wind up and liquidate its business and affairs, including . . .

[d]ischarging or making provisions for discharging its liabilities."  HRS § 414-

385(a).[6]  PRPSC's liabilities included the unpaid fees and assessments of over

---

[5] The two purported conveyances are inconsistent.  If Lord's Estate owned the condominium in accordance with the 2018 document, then PRPSC could not have owned the condominium in 2019 as implied in the 2019 document.

[6] Section 414-385 provides:

> (a) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
> > (1) Collecting its assets;
> > (2) Disposing of its properties that will not be distributed in kind to its shareholders;

(continued . . . )

$245,000 owed to the foreclosing AOAO.  *See* Bankr. Dkt. No. 38 at 53-64.  Those

affairs would need to have been settled *before* any of PRPSC's property could be

distributed to its shareholders.  That foreclosure proceeding, begun in 2016, was

ongoing in December 2018 (and still is), and thus Gilliam could not have obtained

the condominium based on any inheritance of shares of PRPSC before Gilliam

filed his Chapter 13 petition.

And, as the Bankruptcy Court also correctly pointed out, the purported

PRPSC distribution and conveyance of the condominium from PRPSC to Gilliam

on December 5, 2019, Bankr. Dkt. No. 29 at 26, was dated over two months *after*

---

(3) Discharging or making provision for discharging its liabilities;
(4) Distributing its remaining property among its shareholders according to their interests; and
(5) Doing every other act necessary to wind up and liquidate its business and affairs.
(b) Dissolution of a corporation does not:
(1) Transfer title to the corporation's property;
(2) Prevent transfer of its shares or securities, although the authorization to dissolve may provide for closing the corporation's share transfer records;
(3) Subject its directors or officers to standards of conduct different from those prescribed in part IX;
(4) Change quorum or voting requirements for its board of directors or shareholders; change provisions for selection, resignation, or removal of its directors or officers or both; or change provisions for amending its bylaws;
(5) Prevent commencement of a proceeding by or against the corporation in its corporate name;
(6) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution; or
(7) Terminate the authority of the registered agent of the corporation.

the State Court had appointed Robinson as PRPSC's receiver and authorized

Robinson to take control of PRPSC's assets for the final settlement of PRPSC's

affairs.  *See* Bankr. Dkt. No. 38 at 41-42.  It was dated over two months *after* the

State Court gave Robinson exclusive and immediate possession of the

condominium.  *See id.* at 48, 51.  And it was dated nearly two months *after* Gilliam

filed his Chapter 13 petition.

It follows that the Bankruptcy Court's conclusion was eminently

correct that Gilliam "did not have the power to cause PRPSC to transfer the

Property to himself, and therefore the Property is not property of his bankruptcy

estate."  ECF No. 1-2 at PageID #5-6; ECF No. 1-3 at PageID #10.  As the

Bankruptcy Court correctly stated, "[b]y the time [Gilliam] attempted to make the

corporation transfer the Poipu property to him, the state court had already given the

receiver exclusive control of the corporation's assets."  ECF No. 1-4 at PageID

#14.  The factual finding regarding ownership of the condominium was well-

supported by the record, and was certainly not clearly erroneous.  Given that the

condominium is not property of Gilliam's bankruptcy estate, the conclusion that

the automatic stay does not apply to the condominium was also correct.

Accordingly, the court AFFIRMS (1) the March 13, 2020 Turnover

Order, (2) the March 13, 2020 Determination Order, and (3) the April 9, 2020

Reconsideration Order.

**B.      The April 14, 2020 Relief from Automatic Stay Order has been Superseded by the ICA**

Gilliam has also appealed the April 14, 2020 Order Granting Relief from Stay, which allowed Robinson to proceed with the State Court Writ of Possession.  Given that the condominium is not property of Gilliam's bankruptcy estate, the Bankruptcy Court allowed Robinson to proceed with selling the condominium and evicting Gilliam without violating the bankruptcy stay as to Gilliam.  And based on the previous analysis, the April 14, 2020 Order Granting Relief from Stay was neither clearly erroneous nor legally incorrect.

Nevertheless, as noted earlier, the Hawaii ICA subsequently issued a May 29, 2020 Order that "ORDERED that the Writ of Possession and Order to Sell, both entered on October 2, 2019, by the Circuit Court of the Fifth Circuit, are stayed as against Gilliam in his personal capacity, pending this court's final decision in this appeal, and absent further order by this court."  ECF No. 16-1 at PageID #143.  Given the ICA's May 29, 2020 Order, this court recognizes that the Bankruptcy Court's April 14, 2020 Relief from Automatic Stay Order has been superseded by the ICA—at least to the extent the Bankruptcy Court's Order authorizes Robinson to proceed with enforcing the State Court Writ of Possession. That is, although it remains correct that the *bankruptcy stay* does not prevent enforcement of the Writ of Possession, the *ICA's May 29, 2020 Order* does in fact prevent its enforcement.  Effectively then, the court AFFIRMS the Bankruptcy

16

Court's April 14, 2020 Order Granting Relief from Stay, but Robinson may nevertheless not proceed with enforcing the Writ of Possession (at least until there is a further order from the ICA).

## V.  **CONCLUSION**

For the foregoing reasons, the court AFFIRMS the Bankruptcy Court's (1) March 13, 2020 Turnover Order, (2) March 13, 2020 Determination Order, (3) April 9, 2020 Reconsideration Order, and (4) April 14, 2020 Order Granting Relief from Stay.  The April 14, 2020 Order Granting Relief from Stay, however, has been superseded in part by the May 29, 2020 Order from the Hawaii Intermediate Court of Appeals.  The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 1, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*In re:  William Howard Gilliam*, Civ. No. 20-00194 WRP, Order Affirming Orders of Bankruptcy Court